UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JON C. COOPER,  :
  :
            Plaintiff,  :
  :
v.  :  Civil Action No. 15-2052 (ABJ)
  :
UNITED STATES OFFICE OF  :
PERSONNEL MANAGEMENT,  :
  :
            Defendant.  :
_____ :

### **MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Summary Judgment [Dkt. # 11] and Plaintiff's Motion to Amend Complaint [Dkt. # 14]. For the reasons discussed below, the Court will grant the former and deny the latter.

### **BACKGROUND**

Federal employees may participate in the Federal Employees' Group Life Insurance Program ("FEGLI"). *See* Mem. of Law in Supp. of Mot. for Summ. J. [Dkt. # 11-1] ("Def.'s Mem.") at 3. The government of the United States "is the policyholder under a policy of life insurance issued by a commercial company" which administers claims under FEGLI through its Office of Federal Employees' Group Life Insurance. *Id*. at 4. An employee is automatically eligible for and covered under FEGLI unless he affirmatively waives Basic coverage. *Id*. at 6, citing 5 U.S.C. § 8701(a)–(b) and 5 C.F.R. § 870.301(a). An employee may elect to cancel coverage at any time by submitting his request in writing. *See id*., citing 5 C.F.R. § 807.502(a). Ordinarily, coverage ceases upon the employee's separation from federal service. *Id*. However,

1

coverage may be continued under certain circumstances, and relevant to this case is the following provision:

> In the case of any employee who retires on an immediate annuity and has been insured under this chapter *throughout* —
>
> (A) the 5 years of service immediately preceding the date of the employee's retirement, *or*
>
> (B) *the full period or periods of service during which the employee was entitled to be insured, if fewer than 5 years*,
>
> life insurance, without accidental death and dismemberment insurance, may be continued, under conditions determined by the Office [of Personnel Management].

5 U.S.C. § 8706(b)(1) (emphasis added).

The Office of Personnel Management ("OPM") illustrates the application of § 8706(b)(1)(B), known as the "all opportunity" requirement, with this example from the FEGLI Handbook:

> Amy waived all FEGLI when she was first employed in 1973. She left Federal service in 2003 and returned to service in 2011. When she returned to service, she was automatically enrolled in Basic insurance her very first day. She retired 11/30/12. Amy did not meet the 5-year requirement for continuing her FEGLI coverage (she waived it back in 1973). Her "first opportunity" to enroll was in 1973. Since she did not have the coverage for the full period of service it was available to her, she also didn't meet the all-opportunity requirement. Therefore, Amy was not eligible to continue any of her FEGLI coverage into retirement.

Def.'s Mem. at 7–8 (excerpt from FEGLI Handbook). Breaks in service are not considered. *See id*. at 7.

Plaintiff was an employee of the Environmental Protection Agency from May 27, 1979 to February 4, 1983, when he left the federal service. Administrative R., Ex. to Def.'s Mem. [Dkt. # 11-3] ("AR") at OPM 056; Compl. [Dkt. # 1] at 2. He waived FEGLI coverage twice: on May 31,

1979 and March 12, 1981.  AR at OPM 004–005.  When plaintiff joined the United States Coast Guard as a civilian employee, he selected Basic FEGLI coverage effective May 21, 2011.  AR at OPM 003; *see* Compl. at 1.  He retired on May 31, 2014.  AR at OPM 056.

Plaintiff elected Basic FEGLI life insurance coverage "as part of his retirement package from the . . . Coast Guard, but his application was denied by OPM."  Compl. at 1.  On or about September 8, 2015, plaintiff sought reconsideration of the initial decision, but the agency denied his request again.  Final Agency Decision dated October 8, 2015, Ex. to Compl ("Final Agency Decision").

OPM's Final Agency Decision referred to 5 C.F.R. § 870.701(a), which provides:

> When an insured employee retires, Basic life insurance . . . continues or is reinstated if he/she:
>
> (1) Is entitled to retire on an immediate annuity under a retirement system for civilian employees, including the retirement system of a nonappropriated fund instrumentality of the Department of Defense or the Coast Guard;
>
> (2) *Was insured for the 5 years of service immediately before the date the annuity starts, or for the full period(s) of service during which he/she was eligible to be insured if less than 5 years*; and
>
> (3) Has not converted to an individual policy as described in § 870.603.  If it is determined that an individual is eligible to continue the group coverage as an annuitant after he/she has already converted to an individual policy, the group enrollment may be reinstated. If the individual wants the group coverage reinstated, the conversion policy must be voided, the group policy must be reinstated retroactively, and the premiums already paid on the conversion policy must be refunded to the individual.

5 C.F.R. § 870.701(a)(1)–(3) (emphasis added).  As OPM explained it, the agency accounted for both plaintiff's Coast Guard service and his prior service with the Environmental Protection Agency when it considered whether he had satisfied the five-year requirement:

3

> Since in your case, your last period of service did not total five years of creditable coverage, your prior service had to be used to determine your eligibility to continue your coverage of life insurance into retirement.  But because you had waived your coverage during that entire period of service, you did not meet the five years requirement.  The fact is you elected to waive the life insurance at every opportunity you had until your employment in May 2011.  Therefore, you only had coverage for 3 years, 0 months and 10 days.

Final Agency Decision at 2.

Plaintiff acknowledges that, because he had not been employed with the Coast Guard for a full five-year period immediately preceding his retirement, he is not eligible to continue FEGLI coverage under 5 U.S.C. § 8706(b)(1)(A).  *See* Compl. at 1.  He objects to "the look back period of 30 years," *id*. at 2, and asserts that, under 5 U.S.C. § 8706(b)(1)(B), he is entitled to continued life insurance coverage because he was both eligible and elected coverage for the full period of service as a Coast Guard employee.  *See id.* at 1–2.  Plaintiff demands that OPM provide life insurance coverage "as part of his OPM retirement package."  *Id*. at 3.

## ANALYSIS

### I.  Plaintiff's Motion to Amend Complaint

Generally, the Court "should grant leave to amend a complaint '[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Atchinson v. District of Columbia*, 73 F.3d 418, 425–26 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), citing Fed. R. Civ. P. 15(a).  "Where amendment would be futile, however, the Court may in its discretion

deny such a motion." *Anderson v. Fed. Bureau of Prisons*, No. 10-0413, 2011 WL 346079, at *1 (D.D.C. Feb. 3, 2011).  And an amendment is considered futile "if it would not survive a motion to dismiss or for judgment on the pleadings." *Stith v. Chadbourne & Parke, LLP*, 160 F. Supp. 2d 1, 6 (D.D.C. 2001).

### A.  Age Discrimination Claim

Plaintiff moves to amend his complaint "to add a [claim] that the action of the OPM violates Federal Statutes against age discrimination in that it discriminates against senior citizens."  Mot. to Am. Compl. [Dkt. # 14] ("Pl.'s Mot.") at 1.  He points to the FEGLI Handbook example involving "Amy," the fictional employee who did not qualify for life insurance coverage into retirement because she waived coverage "at her first opportunity (which was approximately 39 years before her retirement date)," and concludes that "'Amy' is a senior citizen." *Id*. at 5.  According to plaintiff, "the major group impacted and damaged by [the all opportunity requirement] is senior citizens." *Id*. at 6.  He opines that there exists "a large group of people who worked for the Federal Government when they were young, then took another position outside of government for many years . . . , and then returned to government service in their later years." *Id*.  "By requiring a look back period," encompassing the group members' entire history of federal service, "under the OPM interpretation, it is highly unlikely that this entire group of individuals would qualify for insurance." *Id*.  In effect, plaintiff asserts, OPM's interpretation "has the effect of denying coverage to seniors at a time they most need it." *Id*.

Plaintiff does not identify the federal statute or statutes on which his proposed age discrimination claim relies.  OPM presumes that plaintiff's claim would be brought under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq.*, and argues that an ADEA claim would be subject to dismissal.  *See* Def.'s Opp. to Pl.'s Mot. for Leave to Am. Compl.

[Dkt. # 15] ("Def.'s Opp.") at 5.  A claimant may not commence a civil action under the ADEA unless he first filed a charge with the Equal Employment Opportunity Commission "within 180 days after the alleged unlawful practice occurred," 29 U.S.C. § 626(d)(1)(A), and nothing in the record of this case suggests that plaintiff ever filed a charge of age discrimination with the EEOC. Thus, OPM argues, and the Court concurs, that "[p]laintiff failed to exhaust administrative remedies."  Def.'s Opp. at 5–6.  Therefore, the Court will deny plaintiff's motion to amend the complaint to add an age discrimination claim on the ground that the amendment would be futile.

### B.  APA Claim

Plaintiff also requests leave add two claims under the Administrative Procedure Act ("APA").  *See* 5 U.S.C. § 701 *et seq*.  First, he asserts that the term "all opportunity" does not appear as "a term or concept in the controlling legislation," and instead deems it "a regulatory change that has no justification," rendering it "arbitrary and capricious."  Pl.'s Mot. at 4.  Second, plaintiff contends that, absent any "record cited by the OPM in publishing the regulation and asking for public comments," OPM ran afoul of the APA's notice and comment requirement.  *Id*.

OPM notes that any challenge under the APA "must be brought within six years of when the right of action accrued."  Def.'s Opp. at 1 n.1.  "It is not clear when plaintiff is alleging his challenge to OPM's interpretation of the FEGLI statute accrued," but since "OPM's regulation implementing the statutory five year rule has been in place since at least 1978," OPM argues that plaintiff's challenge is untimely.  *Id*.  The Court agrees.  "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues," 28 U.S.C. § 2401(a), and this provision applies to a civil action brought under the APA.  *See, e.g.*, *Harris v. FAA*, 353 F.3d 1006, 1009 (D.C. Cir. 2004).  Section 2401(a) is a waiver of the federal government's sovereign immunity, such that plaintiff's failure to mount a

timely challenge to the implementation of the regulation at issue deprives the Court of subject matter jurisdiction over the claim. *See, e.g.*, *Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49, 54 (D.D.C. 2010) (concluding that plaintiff's claims are barred under § 2401(a) and must be dismissed for lack of subject matter jurisdiction).

## II.     Defendant's Motion for Summary Judgment

Since the Court will not grant plaintiff leave to file an amended complaint, it must consider the dispositive motion filed in connection with his original complaint. In this action, plaintiff challenges OPM's Final Agency Decision and seeks judicial review under the APA, pursuant to which the Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "This standard of review is highly deferential to the agency." *Bean Dredging, LLC v. United States*, 773 F. Supp. 2d 63, 73 (D.D.C. 2011). An agency's decision may be deemed arbitrary and capricious if the agency

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "In applying that standard, the focal point for judicial review should be the administrative record already in existence," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), and the Court may not "substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971).

There is no dispute as to the basic facts of this case. It is apparent that plaintiff was not eligible and covered for a full five-year period prior to his retirement from the Coast Guard in

2014, and instead was eligible and covered only for a period of three years and ten days. In addition, the record shows that plaintiff had been eligible for and waived coverage for the entire period of his prior federal service with the Environmental Protection Agency. According to OPM, plaintiff does "not meet the statutory requirements of 5 U.S.C. § 8706(b)(1) or 5 C.F.R. § 870.701(a)(1-3) for continuing FEGLI Basic coverage as an annuitant" because "he was not insured for FEGLI Basic coverage for all periods of service during which he was eligible to be insured" due to his waiver of coverage in 1979 and 1981. Def.'s Mem. at 10. OPM argues that "there was only one reasonable conclusion the agency could have reached," such that it "is in no way arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. at 11 (emphasis omitted).

Now that OPM has "clarified [its] position based on [its] manual," Pl.'s Resp. to Def. Office of Personnel Management Mot. for Summ. J. [Dkt. # 13] ("Pl.'s Opp.") at 1, plaintiff argues that "OPM . . . completely ignores that the full period of [Coast Guard] service . . . was sufficient to meet the requirements of the statute." *Id*. at 4. "A plain reading [of the all opportunity requirement] is that[,] if a five year period is not satisfied, then a shorter period is justified as long as the individual has been fully covered during the current employment period." *Id*. (emphasis omitted). In other words, the provision "does not provide for any look-back period." *Id*.

But plaintiff's interpretation of the all opportunity requirement is at odds with the test. The statutory language authorizes OPM to consider "the full period *or periods* of service during which the employee was entitled to be insured," in circumstances where the employee had been employed "fewer than 5 years" immediately preceding his retirement. 5 U.S.C. § 8706(b)(1)(B) (emphasis added). Nothing in this language prevents OPM from considering a prior period of federal service in order to determine whether the employee both had been eligible for and had been covered for a

five-year period before retirement. In other words, the look back gives retirees who re-entered federal service late in life the <u>opportunity</u> to point to previous service to obtain the insurance benefit; it does not penalize employees with prior service.

Plaintiff's period of service with the Coast Guard was three years and ten days, i.e., less than five years immediately preceding his retirement. OPM therefore looked at plaintiff's prior federal service and found that plaintiff was entitled to FEGLI coverage, but he waived it. In short, plaintiff had not been insured "*throughout* . . . the full period *or periods* of service during which [he] was entitled to be insured," 5 U.S.C. § 8706(b)(1)(B) (emphasis added), and therefore plaintiff is not eligible to continue FEGLI coverage into retirement. *See Schwartz v. U.S. Office of Pers. Mgmt.*, No. 12-1567, 2013 WL 5428719, at *5 (D. Md. Sept. 25, 2013) (concluding that plaintiff who waived life insurance coverage at the first opportunity in 1968, elected life insurance at 2007 when he came back into federal service, and retired three years later "did not meet the eligibility requirements to continue 'Basic life insurance' into retirement").

## CONCLUSION

The Court will deny plaintiff's motion to amend the complaint as futile because the proposed new claims would be subject to dismissal. With respect to the original complaint, OPM has demonstrated that there are no genuine issues of disputed facts, and that it is entitled to judgment as a matter of law. Therefore, the Court will grant its motion for summary judgment.

A separate order will issue.

/s/
AMY BERMAN JACKSON
DATE: November 30, 2016       United States District Judge